Filed 7/22/25  P. v. Pavon CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RENE CABRERA PAVON, <br><br> Defendant and Appellant. | D084221 <br><br><br> (Super. Ct. No. SCD298604) |


APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Reversed in part, affirmed in part, and remanded with instructions.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

Rene Cabrera Pavon appeals four probation conditions the trial court imposed.  He claims these conditions are unreasonable under *People v.*

*Lent* (1975) 15 Cal.3d 481. The People concede error as to three conditions, which concessions we accept. We conclude the court did not abuse its discretion in imposing the fourth condition—a warrantless search condition. Thus, resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we reverse in part, affirm in part, and remand with instructions.

## I.

From December 2018 to May 2022, Pavon owned and operated a company with payroll totaling over $4.6 million, yet Pavon reported $0. Consequently, he benefited from reduced premiums, rates, and costs of required workers' compensation insurance, resulting in State Compensation Insurance Fund losses of $1,161,100. Pavon also failed to file tax returns, resulting in California Franchise Tax Board losses of $847,385.

Pavon's fraud led to various charges. Pavon eventually pled guilty to making false statements regarding workers' compensation insurance (Ins. Code, § 11880, subd. (a); count 1) and failure to file tax returns (Rev. & Tax. Code, § 19706; counts 4 and 5). He was sentenced to 365 days of local custody and two years of formal probation.

The trial court imposed several probation conditions. Relevant to this appeal, Pavon's counsel objected to four conditions, arguing a lack of nexus to the case. They are (1) treatment, therapy, and counseling conditions (Nos. 7(b), (c) & (d)); (2) alcohol conditions (Nos. 8(b), (c) & (f)); (3) drug conditions (No. 9(c)); and (4) a Fourth Amendment waiver condition. The last requires Pavon to "[s]ubmit [his] person, vehicle, residence, property, [and] personal effects . . . to search at any time with or without a warrant, and with or without reasonable cause, when required by" a probation or law enforcement officer (No. 6(n)).

## II.

A sentencing court has "broad discretion" in deciding what probation conditions to impose. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) On appeal, we review the court's decision for abuse of discretion. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.) A probation condition is invalid only if it (1) has no relationship to the crime of which the defendant was convicted, (2) relates to noncriminal conduct, *and* (3) requires or forbids conduct which is not reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486.)

Pavon argues the trial court abused its discretion in imposing conditions for therapy (Nos. 7(b), (c) & (d)), alcohol (Nos. 8(b), (c) & (f)), and drugs (No. 9(c)) because there is no relationship between those conditions, his crimes, and future criminality. The People concede these three conditions should be stricken because there is "no evidence in the record" Pavon "used alcohol, drugs, or suffered any mental health issues, took any medication for such issues, or has any condition requiring such treatment." We agree these conditions were improperly imposed. (See *People v. Burton* (1981) 117 Cal.App.3d 382, 390 [invalidating alcohol conditions because defendant had no personal history of alcohol abuse and alcohol use was unrelated to any offenses]; *People v. Cruz Cruz* (2020) 54 Cal.App.5th 707, 711–713 [striking marijuana conditions because there was no indication defendant was predisposed or more likely to commit crimes when under influence of marijuana]; *In re Bushman* (1970) 1 Cal.3d 767, 777 [noting, absent any evidence defendant needed psychiatric care, imposing required psychiatric treatment as probation condition was improper].)

Pavon contends the warrantless search condition—No. 6(n)—is similarly invalid under *Lent*. The People counter the court did not improperly impose this condition. We agree with the People.

As an initial matter, the warrantless search condition relates to noncriminal conduct; prong two of *Lent* is thus satisfied and our focus is on *Lent* prongs one and three.

To be invalid, the probation condition must be unrelated to the crime for which Pavon was convicted. (*Lent*, 15 Cal.3d at p. 486.) Pavon admits there is a factual basis to support a warrantless search condition for documents or records relevant to tax liability and workers' compensation insurance obligations. Yet Pavon claims the business' operations were primarily electronic; thus, any related records would be electronic, too. As the trial court found no nexus to support an electronic search condition, he argues there cannot be a nexus for a nonelectronic search condition either. The People argue these types of documents could be revealed through physical searches of Pavon's personal records and documents, as this could have been a "paper case" involving cash and hardcopy documents. The trial court, given its broad discretion, could have reasonably concluded as much, which would justify its finding of a lack of nexus for electronic records but not hardcopy ones. Thus, the trial court did not abuse its discretion in finding a relationship between the warrantless search condition and Pavon's crimes.

Because the *Lent* "test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term"—Pavon's failure to satisfy the first prong is dispositive. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Yet the third prong further supports the conclusion the probation condition is valid. As the People argue, the third prong fails because the

4

warrantless search condition is reasonably related to deterring future criminality. This prong requires "a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition" and more than an abstract or hypothetical relationship. (*Ricardo P.*, 7 Cal.5th at pp. 1121–1122, 1129.) Pavon asserts that he neither owns nor plans to start another business, so the relationship is too abstract to satisfy prong three. He fails, however, to cite any relevant authority to support his claim, thereby forfeiting it. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 845.)

Forfeiture aside, that Pavon perpetrated a years-long fraud shows sophistication in concealing his crimes. Accordingly, the relationship between a warrantless search and preventing Pavon from storing fraudulent materials is neither abstract nor hypothetical. (Contra *Ricardo P.*, 7 Cal.5th at pp. 1121–1122 [invalidating electronic search condition based on tenuous inference that minor used marijuana while committing crime and generalization that teenagers brag about drug use online].) Neither is it excessively burdensome in light of Pavon's substantially underreported payroll and the potential for documents to be stored in many different areas. (See *People v. Gallegos* (2002) 96 Cal.App.4th 612, 626.) We therefore conclude there is a reasonable relationship between the warrantless search condition and deterring future criminality.

As an alternative to striking the warrantless search condition, Pavon requests the condition be limited in scope. Because this request was raised for the first time in the reply brief, it is forfeited. (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218.)

In sum, the trial court improperly imposed the drug, alcohol, and therapy probation conditions, but it did not abuse its discretion in imposing the warrantless search condition.

## III.

We reverse in part, affirm in part, and remand. On remand, the trial court shall amend the probation order to strike conditions 7(b), (c), and (d); 8(b), (c), and (f); and 9(c). In all other respects, we affirm.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

KELETY, J.

6